UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE JAY GOULD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BARNS, Warden,<br><br>　　　　　Respondent. | 1:09-CV-02001 SMS HC HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

　　Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on August 2, 2006, of transportation of methamphetamine, possession of methamphetamine for sale, possession of marijuana for sale, and possession of a firearm by a felon. See Petition at 2. Petitioner was sentenced to serve a total determinate prison term of sixteen years and four months. Id.

　　Petitioner thereafter appealed the conviction. On May 1, 2009, the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA") affirmed the conviction. See Attachments

to Petition. Petitioner then filed a petition for review with the California Supreme Court. Review was summarily denied on August 12, 2009. Id.

On November 16, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. He presents the following four grounds for relief: 1) "Trial counsel failed to raise Fourth Amendment challenge to arrest"; 2) "Trial counsel failed to file a motion to suppress pre-warrant entry into home. Prejudicial because of I.A.C."; 3) "Trial counsel erroneously denied a motion to traverse a warrant"; and 4) "The court imposing an extra (3) year enhancement at resentencing violated due process."

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Based on the Rules Governing Section 2254 Cases and case law, the Court will conduct a preliminary review of the petition pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

1   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

2   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

3   claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

4   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

5         Additionally, the petitioner must have specifically told the state court that he was raising a

6   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

7   (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

8   Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

9   reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

26        In the petition before the Court, Petitioner raises four grounds for relief.  The Court has

27  reviewed the petition for review which Petitioner filed in the California Supreme Court. Only two

28  claims were raised before that court, as follows: 1) The case must be remanded for an evidentiary

hearing to determine whether a search warrant for his residence was tainted by an unlawful entry earlier the same day; and 2) The case must be remanded for a new sentencing hearing for the trial court to exercise its discretion and state reasons in the minutes, because the sentencing judge at Petitioner's original sentencing clearly intended to strike three of his five drug priors pursuant to Cal. Penal Code § 1385. It is clear that the first three claims in his petition were not presented to the California Supreme Court and are therefore unexhausted. Although the first two claims in the instant petition did involve the search of his residence as the first claim did in the petition for review, Petitioner failed to present them to the California Supreme Court in the context of ineffective assistance of counsel, as he does here. Because the California Supreme Court has not been afforded an opportunity to review those claims, they are unexhausted and must be dismissed.

C.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Ground Four of the instant petition fails to state a cognizable federal claim.  Petitioner does

not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. The claim involves the interpretation and application of a state sentencing statute. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief). In addition, Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Therefore, Ground Four fails to present a cognizable federal claim and must be dismissed.

D.  Fourth Amendment Claim

Even if the Court were to allow Petitioner to amend the instant petition in order to recharacterize his first claim as a violation of his Fourth Amendment rights rather than his right to counsel so as to mirror the claim he presented to the California Supreme Court, the claim would be dismissed.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge

evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. Stone, 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated on direct appeal before the Fifth DCA. The claim was rejected in a reasoned decision. See Attachments to Petition. The Court finds that the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Pursuant to Stone v. Powell, the Court cannot grant habeas relief on this potential claim.

E.  Conclusion

The instant petition is a petition containing unexhausted claims and claims not cognizable in a federal habeas action. The petition must be dismissed.

F.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

U.S. District Court
E. D. California                 cd                                  6

  (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

   (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . part." Miller-El, 123 S.Ct. 1040.

  In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

  Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   December 14, 2009**    /s/ Sandra M. Snyder

| | |
|---|---|
| 1 | UNITED STATES MAGISTRATE JUDGE |